Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| PEDRO JOSÉ DE PEDRO MARTÍNEZ<br><br>Peticionario<br><br>v.<br><br>JOSÉ RAÚL DE PEDRO MARTÍNEZ Y OTROS<br><br>Recurrido | KLCE202300273 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2018CV02909<br><br>Sobre: Acción de Nulidad de Contrato |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de abril de 2023.

Mediante un recurso discrecional de *certiorari*, comparece la parte demandante y peticionaria, conformada por el señor Pedro De Pedro Martínez y la señora Rebecca De Pedro González. Solicita la revisión *de novo* de una *Resolución* emitida por el Tribunal de Primera Instancia, por virtud de la cual se declaró No Ha Lugar la *Moción de Sentencia Sumaria Parcial*, instada por los demandados y recurridos, José Raúl De Pedro Montes, su esposa, Marly Martínez de Andino, y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en adelante, matrimonio De Pedro - Martínez).

Cabe señalar que los peticionarios impugnan la determinación judicial denegatoria, en el sentido de que aducen que las controversias de hechos esbozadas en el dictamen constituyen, en realidad, asuntos de derecho. A tales efectos, sostienen que el foro primario debió

decretar la nulidad del contrato de compraventa, según enmendado, mediante el cual el señor Raúl De Pedro Villamil[1] vendió al matrimonio De Pedro - Martínez su participación de las acciones en dos corporaciones por un precio aplazado de $750,000 pagadero en diez años. El fundamento de nulidad argüido por los peticionarios se asienta en que, a través de la transacción original y su enmienda, presuntamente se enajenó una participación específica, no abstracta, aun cuando el acuerdo se efectuó antes de la disolución de la comunidad de bienes postganancial, previo a la partición de la comunidad hereditaria indivisa y sin el consentimiento de todos los herederos.[2] Adelantamos la denegación a la expedición del auto solicitado.

La presente causa tiene su origen en una *Demanda* presentada por los peticionarios sobre la inexistencia del contrato de compraventa antes aludido. Posteriormente, los peticionarios instaron una *Segunda Demanda Enmendada* en la que añadieron partes indispensables y otras causas de acción relacionadas con el albaceazgo, la liquidación de la comunidad hereditaria y una reclamación en daños y perjuicios. Surge del expediente que todos los demandados presentaron sus respectivas alegaciones responsivas.[3]

Suscitados un sinnúmero de incidentes, innecesarios de pormenorizar, el matrimonio De Pedro - Martínez presentó una *Moción de Sentencia Sumaria Parcial* con el fin de que se declarase sin lugar la causa de acción atinente a la nulidad contractual. Los peticionarios

---

[1] A cuatro años de suscrito el acuerdo, don Raúl De Pedro Villamil falleció testado el 7 de octubre de 2012.

[2] La comunidad de bienes postganancial y la comunidad hereditaria surgieron a partir del fallecimiento de la esposa de don Raúl en 2006, Diana Eva Martínez Contreras.

[3] Los otros demandados son: José Raúl De Pedro Martínez, Guillermo José De Pedro Montes, Alma Rosa De Pedro Montes y Pedro De Pedro González.

se opusieron y, a su vez, solicitaron sumariamente el decreto de nulidad *ab initio* del acuerdo. El matrimonio De Pedro - Martínez replicó y presentó oposición al pedimento abreviado de la parte peticionaria. Luego de analizar los escritos de las partes y la documentación anejada a los mismos, el Tribunal de Primera Instancia concluyó que no estaba en posición de dictar sentencia sumaria parcial para desestimar la causa de acción de nulidad contractual por existir hechos esenciales en controversia.

Así las cosas, la parte peticionaria presentó oportunamente el recurso del título. En síntesis, planteó que, en cuanto a la causa de acción de nulidad contractual, no existían controversias de hechos medulares, sino asuntos de derecho de los que el foro primario debió disponer y decretar la nulidad del contrato de compraventa en controversia.

Sabido es que el auto de *certiorari* es un vehículo procesal discrecional y extraordinario, mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, como parte del ámbito provisto por la Regla 52.1 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 52.1, y de conformidad con los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). En su parte pertinente, la Regla 52.1 de Procedimiento Civil, *supra*, dispone que "[e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de . . . la denegatoria de una moción de carácter dispositivo".

Ahora bien, aun cuando las normas procesales autoricen nuestra intervención, la Regla 40, *supra*, provee los criterios rectores para que, en el ejercicio de nuestra discreción, realicemos un análisis subjetivo y determinemos si es el momento apropiado para intervenir como foro apelativo. Este examen requiere evaluar, entre otras consideraciones, si la etapa del procedimiento en que se presenta el caso es la más propicia o si se produce un fraccionamiento indebido o la dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83 (2008).

En ese sentido, la función de un tribunal apelativo frente a la revisión de controversias a través de un *certiorari* requiere valorar la actuación de la primera instancia judicial y predicar la intervención en si la misma constituyó o no "un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Lluch v. España Services Sta.*, 117 DPR 729, 745 (1986). Asimismo, es importante resaltar que, al denegar la expedición de un recurso de *certiorari*, este foro intermedio no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1. Ello así, porque la acción de denegar no prejuzga los méritos de las cuestiones planteadas. Por lo tanto, de persistir el asunto, la parte peticionaria puede reproducir la contención mediante el correspondiente recurso de apelación.

Justipreciados detenidamente los documentos que comprenden el expediente ante nuestra consideración, así como los argumentos de los peticionarios y la *Moción de Mostración de Causa* presentada por la parte recurrida, quien no cuestiona la denegación de su *Moción de Sentencia Sumaria Parcial*, queda claro que las determinaciones

fácticas incontrovertidas consignadas en la *Resolución* son insuficientes para determinar la nulidad contractual.[4] En este caso, entre la concreción del acuerdo y la presentación de la reclamación acontecieron acuerdos de otro tipo tangencial y hechos pertinentes atinentes a la controversia de validez contractual, los cuales son necesarios de dilucidar en una vista en su fondo, para poder establecer si el contrato de compraventa en controversia es nulo *ab initio* o meramente anulable. En el caso último, surgen otras cuestiones cuya adjudicación sumaria es inadecuada, ya que es imperativa la evaluación de elementos subjetivos de intención, propósitos mentales y credibilidad. Por tanto, ante la ausencia de certeza en cuanto a hechos materiales en controversia y la pertinencia de éstos en la adjudicación de la reclamación,[5] concluimos que la actuación del foro impugnado no adolece de abuso de discreción, parcialidad, acción prejuiciada o error

---

[4] En su parte pertinente, los hechos incontrovertidos son: "(1) Don Raúl De Pedro Villamil y doña Diana Eva Martínez Contreras se casaron en primeras y únicas nupcias bajo el régimen de sociedad legal de gananciales. (2) Para abril de 2006, los herederos de [doña Diana Eva] eran sus únicos hijos sobrevivientes: el codemandante Pedro José De Pedro Martínez y el codemandado José Raúl De Pedro Martínez y sus [cinco] nietos . . . Para octubre de 2012, los herederos de [don Raúl] eran sus únicos hijos sobrevivientes: [Pedro José y José Raúl]. (3) El 21 de agosto de 2002, [doña Diana Eva] otorgó testamento abierto e instituyó herederos en cuanto a la legítima larga a sus dos hijos [Pedro José y José Raúl] y legó el tercio de libre disposición a sus [cinco] nietos por partes iguales. En dicho testamento, [doña Diana Eva] también dispuso que su participación ganancial en las acciones corporativas se distribuyera por partes iguales entre sus dos hijos. (4) El 10 de abril de 2006, falleció [doña Diana Eva] y su caudal relicto no se dividió oportunamente y permanece indiviso hasta el momento. Antes de la fecha de su deceso, [doña Diana Eva] y [don Raúl] poseían 113 acciones de Refrigerama, Inc. y 138 acciones de Empresas R&D de Puerto Rico, Inc. (5) El 26 de junio de 2008, [don Raúl] (abuelo), de una parte, y José Raúl De Pedro Montes (nieto) y su esposa Marly Martínez de Andino, de otra parte, suscribieron un contrato de compraventa titulado *Contrato de Participación de y sobre Acciones*, mediante el cual el primero le vendió a los segundos 56.50 acciones de Refrigerama, Inc. y 69.00 acciones de Empresas R&D de Puerto Rico, Inc., por el precio alzado de $750,000.00. El precio sería pagadero dentro de los próximos [diez] años. Restaban sin vender 56.50 acciones de Refrigerama, Inc. y 69.00 acciones de R&D de Puerto Rico, Inc. Esas acciones permanecen indivisas. (6) El 29 de agosto de 2008, [don Raúl] (abuelo), de una parte, y [José Raúl] (nieto) y su esposa [Marly], de otra parte, suscribieron una *Enmienda de Compraventa de Derechos Acciones y Participación Accionaria Suscrito el 26 de junio de 2008*, la cual [enmienda] las fechas que han de recibirse los cánones de pago . . .".

[5] En esencia, el foro *a quo* consignó las siguientes controversias: (1) si en el contrato de compraventa de acciones concurrieron el consentimiento, objeto y causa, aunque el objeto del contrato fuese cosa ajena; (2) si la sucesión de doña Diana Eva prestó o no su consentimiento a la venta de las acciones corporativas en común proindiviso; (3) si el peticionario De Pedro Martínez confirmó o no el contrato de compraventa de acciones, al suscribir como oficial de una de las corporaciones un contrato de préstamo de $100,000 otorgado al matrimonio De Pedro - Martínez, como abono al precio pactado; (4) si el contrato de compraventa de acciones es nulo o anulable; (5) si la causa de acción de nulidad está o no prescrita, en particular, desde cuándo comienza a discurrir el término prescriptivo de cuatro años: desde la fecha de su otorgamiento o a partir de la consumación del contrato, cuando se cumplieron todas las prestaciones; y (6) si el matrimonio De Pedro - Martínez cumple o no con los requisitos de prescripción adquisitiva (usucapión) de bienes muebles.

manifiesto, por lo que no procede intervenir con su determinación judicial de denegar la *Moción de Sentencia Sumaria Parcial* presentada por la parte recurrida y proceder con la continuación del litigio.

Por consiguiente, de conformidad con los criterios reglamentarios antes citados, denegamos la expedición del recurso solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones